UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON F. THOMPSON,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-382

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES (DOC. 12) BE GRANTED; (2) FEES, PURSUANT TO 42 U.S.C. § 406(b), IN THE AMOUNT OF $16,191.00 BE AWARDED; AND (3) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

---

On May 13, 2016, Judge Rose, upon joint motion of the parties (doc. 9), remanded this case to the Commissioner of Social Security for further proceedings. Doc. 10. Subsequently, Plaintiff received an award of benefits under the Social Security Act. *See* docs. 12-4, 12-5, and 12-6. This case is back before the undersigned on a motion by Plaintiff's counsel for an award of attorney's fees under 42 U.S.C. § 406(b)(1), in which counsel requests a 25% contingency fee award in the amount of $16,191.00. Doc. 12. The Commissioner does not oppose Plaintiff's counsel's motion and agrees the requested fee is consistent with the requirements of § 406(b). Doc. 13. Accordingly, counsel's unopposed motion for attorney's fees is ripe for decision.

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

> As the Sixth Circuit explained:
>
>> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Counsel represents that her firm worked a total of 62.75 hours, 3.5 of which were worked by a legal assistant. *See* doc. 12-1 at PageID 1406. Counsel's requested fee of $16,191.00,

divided by the 62.75 hours spent working on the case, results in a hypothetical hourly rate of $270.31 for counsel and $50 for the services of counsel's legal assistant -- rates the Commissioner agrees are reasonable (doc. 13 at PageID 1473). Having considered counsel's unopposed motion and all attachments thereto, and further considering counsel's experience, the undersigned agrees that the fee sought is reasonable and does not result in an undeserved windfall.

## II.

Accordingly, it is **RECOMMENDED THAT**: (1) Plaintiff's motion for attorney's fees under the Social Security Act (doc. 12) be **GRANTED**; (2) Plaintiff's counsel be **AWARDED** the requested sum of $16,191.00 in attorney's fees; and (3) this case remain **TERMINATED** on the Court's docket.


Date:  July 27, 2017                           s/ Michael J. Newman
                                                                   Michael J. Newman
                                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).